**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ORLOFF, an individual | No. 10-35900 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00509-EJL-CWD |
| and | |
| PAUL GOOCH and DAREL HARDENBROOK, individuals, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| UNITED PARCEL SERVICE, INC., Delaware corporation doing business in the State of Idaho, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted May 7, 2012
Seattle, Washington

Before: GOULD, BYBEE, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert Orloff appeals the district court's grant of summary judgment for United Parcel Service ("UPS") on Orloff's claim of wrongful demotion in violation of Idaho public policy, finding that he did not engage in any conduct bringing him within the public policy exception to the at-will employment doctrine. Orloff also appeals the magistrate judge's denial of leave to amend his complaint to add a claim for punitive damages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Idaho recognizes a narrow exception to the at-will doctrine "where the employer's motivation for the termination contravenes public policy." *Bollinger v. Fall River Rural Elec. Co-Op*, 272 P.3d 1263, 1271 (Idaho 2012). This exception is triggered, however, only when the employee "engage[s] in some protected activity," *id.*, including "(1) refus[ing] to commit an unlawful act; (2) perform[ing] an important public obligation; or (3) exercis[ing] certain rights or privileges," *Thomas v. Med. Ctr. Physicians, P.A.*, 61 P.3d 557, 565 (Idaho 2002). Whether the employee engaged in a "protected activity" is a question of law decided by the court. *Bollinger*, 272 P.3d at 1271. The court must first determine if there is a public policy sufficient to create an exception to the employer's right to terminate an at-will employee. *Thomas*, 61 P.3d at 565. And second, the court must determine whether the employee "acted in a manner sufficiently in furtherance of

2

that policy." *Id.*; *see also Bollinger*, 272 P.3d at 1271. Only after an affirmative finding of these two factors will the question of employer motivation be sent to the jury. *Bollinger*, 272 P.3d at 1271.

Orloff claims that he was demoted for failing to prevent his subordinates from reporting unlawful activity, actions of which he was generally unaware. He contends that he thus qualifies for the public policy exception because it protects employees from actions by employers that are motivated by reasons contravening Idaho public policy. Even if Orloff's characterization is correct, he still does not qualify for the public policy exception because the Idaho Supreme Court has made clear that the initial trigger for the exception is the protectable action by the *employee* whose employment was adversely affected, not the bad motivation of the employer. *See, e.g.*, *Thomas*, 61 P.3d at 565.

The district court found that although there is a protectable public policy in favor of reporting violations of legal requirements, Orloff did not know of his subordinates' reports and did not otherwise engage in any protected behavior. The court concluded that Orloff's conduct, or lack thereof, did not put him within the public policy exception. Because Orloff did not engage in any action in furtherance of any important public policy, the district court did not err. The district court also correctly found that "[t]here is no public policy precluding UPS

3

from taking employment action against a supervisor for failing to stay informed of their subordinates [sic] concerns or conduct." Therefore, the district court properly granted UPS's motion for summary judgment.

Because summary judgment was proper, Orloff's appeal of the magistrate's failure to grant leave to amend is moot.

AFFIRMED.